JACK v. NABER; THE CEDAR RAPIDS AND MISSOURI RIVER RAILROAD COMPANY v. WILLETTS; THE SAME v. RICE.

1. COTEMPORANEOUS AGREEMENTS. Cotemporaneous parol representations cannot be set up as a defense to an action on a contract of subscription to the stock of a railroad company, when it is not shown that they were omitted as conditions in the written contract by some fraud of the plaintiff, or by accident or mistake. (Following *Gelpcke, Winslow & Co.* v. *Blake, ante.*)

2. GENERAL EXCEPTIONS. The Supreme Court will not review instructions given by the Court below, under a general exception thereto, when it is not claimed that all of the instructions given are erroneous. (Following *The Davenport Gas Light and Coke Company* v. *The City of Davenport,* 13 Iowa, 229.)

3. NEW TRIAL: MISAPPREHENSION OF TESTIMONY. If in any case a verdict would be set aside on affidavits of jurors showing that they misunderstood the testimony, it should at least be made to appear that the jurors had reasonable grounds for such misapprehension.

*Appeal from Marshall District Court.*

TUESDAY, JANUARY 5.

As to one and the principal question involved, these cases are alike, and it is agreed by counsel that they may be so treated. In the last case other errors. are assigned. For all material facts see the opinion.

*John H. Bradley* for the appellants, cited the following authorities: 2 Phillips' Ev. (4th Am. ed.), 671; 1 Story's Eq. Jur., 191–206; *Carey* v. *The Cincinnati and Chicago Railroad Company*, 5 Iowa, 359; *Mansfield* v. *Watson*, 2 Id., 111; *Stannard et al.* v. *McCarty*, Morris, 124; Story on Contr., 506–515; *Fawcett* v. *Woods*, 5 Iowa, 400; and *Jourdan* v. *Reed*, 1 Iowa, 135.

*Brown & Mercer* and *Henderson & Boardman* for the appellees, cited the following authorities: 1 White & Tudor's L. C. in Eq., 421, 422; *Mansfield* v. *Watson*, 2 Iowa, 111; Story's Eq. Jur.,˙ §§ 193–199; 2 Kent's Com., 486 (marg.); *Walker & Bro.* v. *Manning*, 6 Iowa, 519; 2 Parsons on Contr., 267; *Porter* v. *Sigler*, 1 G. Greene, 263; *Myers* v. *Sunderland*, 4 Id., 567; *Mansfield* v. *Watson*, 2 Iowa, 111; Bish. Crim. L., §§ 348–350; *The People* v. *Tompkins*, 1 Parker, 224–238; *Forshee* v. *Abrams et al.*, 2 Iowa, 571; *Grady* v. *The State*, 4 Id., 461; *Cook & Sargent* v. *Sypher*, 3 Iowa, 484; *The State* v. *Douglass*, 7 Iowa, 413; *Abel et al.* v. *Kennedy et al.*, 3 G. Greene, 47; *Lloyd* v. *McClure*, 2 Id., 139; and *Joliffe* v. *Collins et al.*, 21 Mo., 338.

WRIGHT, Ch. J. — Actions at law to recover balances due upon certain railroad subscriptions. Answers admitting the subscriptions, but setting up certain parol representations made cotemporaneous with signing the same, which had not been complied with, in bar of the recovery, and the same matter by way of cross demand. Demurrer to such special matter sustained, and defendants appeal.

This precise question has been examined and passed upon at the present term, in the case of *Gelpcke, Winslow & Co.* v. *Blake, ante;* and following the rules there recognized and well settled, we have no hesitation in holding that the demurrer was properly sustained. The alleged representations were for the most part but matters of opinion. If conditions of the contract of subscription, they should have been made a part of it; and if not omitted by the fraud of plaintiffs, or some accident or mistake, they cannot now avail defendants. Such case is not made.

In the third case, defendant claims upon a set-off for services rendered the company in obtaining subscriptions to its capital stock. Upon this claim there was an issue, and verdict for plaintiffs. He claims that the Court erred in certain instructions given in chief, and at the instance of plaintiffs. The exceptions to these instructions, however, were general, and not to specific parts of them. It is not pretended that they are all erroneous. His motion for a new trial was alike general. Under such circumstances, following *The Davenport Gas Light and Coke Company* v. *The City of Davenport,* 13 Iowa, 229, the questions made cannot be reviewed.

It is also insisted that there should have been a new trial, because two of the jurors, as shown by their affidavits, misunderstood the testimony. Conceding that their affidavits were properly received, and that for such a cause a new trial should even be granted, it should at least appear that the jurors had reasonable ground for their alleged misapprehension. *Davenport* v. *Cummings, ante.* Parties should not be subjected to the trouble and expense of a second trial because jurors, without care and an intelligent appreciation of the duties devolving upon them, fail to understand the exact and entire bearing of the testimony submitted. In this case it is difficult to perceive how these jurors could have misunderstood the testimony. Upon the point

referred to in their affidavits there was but little, if any, conflict; and it would be opening a wide door, and introducing a most dangerous practice, to grant a new trial upon such affidavits, made some days after the verdict, after one motion for a new trial had been overruled, and when, but too frequently, they are exacted by the importunity of an unfortunate suitor. Not only so, but in this particular case, if the point or fact misunderstood was entirely out of the case, the Court would have been fully justified in overruling the motion; for aside from the fact thus relied upon, we think the other testimony warranted the jury in concluding that defendant's services in procuring subscriptions of stock were intended to be given and received as a gratuity—that, in other words, he, in common with many other citizens of his locality, deeming it greatly to their interest to procure this stock and to promote this interest, worked for its accomplishment.

Entertaining these views, we need hardly say that the Court did not err in overruling the motion for a new trial, based upon the ground that the verdict was against the evidence. If the verdict had been otherwise, the plaintiff might, with some propriety, have made the motion. Not so with the defendant, however, under all the facts developed by the testimony.

Affirmed.