JOHN F. WILLIAMS, JR., Appellant, v. HENRY
EVERHAM, JR.

**Reforming Words, "Subject to Mortgage:" Evidence.** The
seller of a livery barn and contents dictated an offer that a mortgage
of one thousand, seven hundred and eighty dollars on the barn was
to be assumed, and that a conveyance subject thereto should be
made, which offer was communicated to the buyer, and thereupon the
buyer paid eight hundred dollars, received a conveyance of property
worth at least two thousand dollars "subject" to the mortgage.
Plaintiff testified that the true agreement was that the mortgage
should be "assumed." *Held,* that the parties were mutually mis-
taken in using the word "subject," and that a reformation should be
ordered substituting "assumed" therefor.

*Appeal from Mills District Court.*—HON. WALTER I.
SMITH, Judge.

WEDNESDAY, FEBRUARY 7, 1894.

ACTION in equity to reform certain written instru-
ments, and for judgment thereon. Decree was entered
dismissing plaintiff's petition, and for costs, from which
he appeals.—*Reversed.*

*Smith McPherson, L. T. Genung* and *Scott Lewis*
for appellant.

*John Y. Stone* and *Shirley Gilliland* for appellee.

GIVEN, J.—I. Plaintiff was the owner of certain
lots, upon which is situated a livery barn. He also
owned a lot of horses, harness, carriages, etc., kept in
said barn and used in the livery business. There was
a mortgage on the real estate securing two promissory
notes of the plaintiff to C. S. Osborn, upon which there
was due, and to become due, one thousand, seven hun-
dred and eighty dollars. Plaintiff and defendant
executed a writing as follows:

"MEMORANDA.

"GLENWOOD, Iowa, Oct. 19, 1889.

"Received of Henry Everham, Jr., twenty dollars on the sale of my barn complete, including eight horses, two double carriages, one buckboard, one spring wagon, four sets double harness, and all complete, and two of single harness—price, eight hundred dollars; and I will deed lots and barn to purchaser, or any person he suggests, subject to one thousand, seven hundred and eighty dollars incumbrance, and give bill of sale for all property sold clear of liens; possession to be given October 21, 1889.

"JOHN F. WILLIAMS, JR."
"HENRY EVERHAM, JR."

In pursuance of this agreement defendant paid plaintiff eight hundred dollars, and plaintiff delivered to him possession of the property, and, at the request of defendant, executed and delivered to I. M. Taylor a deed for the real estate. Mr. Osborn brought an action, aided by an attachment, against the plaintiff on one of his notes, and caused the attachment to be levied on the plaintiff's property. Plaintiff, to secure a release of his property, paid Mr. Osborn seven hundred dollars. Plaintiff alleges that it was the agreement that the defendant should assume said mortgage indebtedness to the amount of one thousand, seven hundred and eighty dollars; that the word "assumed" was intended where the word "subject" occurs, and "that, by mistake or oversight, the word 'assumed' was omitted and left out of said memoranda, and the conveyances and transfers afterward made on the part of plaintiff in carrying out the terms of said sale." Plaintiff asks that said memoranda and deed be reformed, and made to express the true agreement as made, and for judgment

against the defendant for seven hundred dollars, with interest.

The burden is on the plaintiff to show, by clear and satisfactory proof, that the alleged mistake was made. *Tufts v. Larned*, 27 Iowa, 330; *Jack v. Naber*, 15 Iowa, 450. Plaintiff testifies that the agreement was that defendant assumed the mortgage debt, {and that he understood the words "subject to" to mean the same as "assume." In corroboration he relies upon the following facts: Previous to the sale, plaintiff put the property into the hands of J. E. Wickham to sell. Mr. Wickham made a memorandum of the prices and terms at which he was to sell, as given to him by the plaintiff, as follows:

"Mortgaged, $1,780; due, $1,000, October 19, 1890; balance due November. (Interest 8 per cent.)

$1,780
1,500

$3,280

"Will sell barn and black team, $200; dun team, $200; gray team, $150; bay mare and sorrel mare, $150; spring wagon, two carriages, $250; three buggies, $150; two sleighs, four sets double harness, $100; two sets single harness, $20; one buckboard, $25; robes, whips, and saddles, and blankets, stove, bed and bedding—$1,530, including everything belonging to the barn." Afterward, the plaintiff gave to Mr. Wickham a second memorandum, as follows: "1,780 assumed; Williams give deed subject to above mortgage, $1,030; $330 cash; balance due one year, with approved security, 8 per cent.; discount of 5 per cent. cash."

Mr. Wickham communicated the offer of plaintiff to the defendant, and brought the parties together, whereupon they dictated and executed the memorandum set out above; and in pursuance thereof the

defendant paid to the plaintiff the eight hundred dollars, and the plaintiff executed and delivered his deed for the real estate, "subject" to the mortgage, and delivered possession of the personal property. The evidence shows quite satisfactorily that the personal property alone was worth the amount paid, and that the real estate conveyed was worth from one thousand, two hundred to one thousand, five hundred dollars. To give effect to the writing as it is would be to give to the defendant at least two thousand dollars worth of property for eight hundred dollars. Surely, the plaintiff did not so intend, nor can we think that the defendant expected to receive all this property for the eight hundred dollars. Because of plaintiff's last offer, made through Wickham to the defendant, and because of the gross inadequacy of the price, and other facts appearing in the evidence, we reach the conclusion that the parties were mutually mistaken in using the word "subject" in their agreement, and that the understanding and agreement of the parties was that the defendant was to assume the mortgage debt on the real estate. It follows from this conclusion that the decree of the district court must be reversed, and a decree entered, reforming said written agreement as prayed by plaintiff, and a judgment entered thereon in favor of the plaintiff for seven hundred dollars, with interest from November 30, 1889. The case is remanded for decree in conformity with this opinion. REVERSED.