MARY SCANLAN v. JOHN GRIMMER and Others.[1]

January 26, 1898.

Nos. 10,883—(261).

**Person May Contract under Assumed Name—Identity.**

A person, not having a fraudulent or criminal purpose in so doing, may enter into a contract by any name he may choose to assume. All that the law looks to is the identity of the individual, and, when that is ascertained and clearly established, the act will be binding upon him and upon others.

**Same—Loan upon Mortgage Security.**

Rule applied in a case where, for the purpose of loaning money and taking a real-estate mortgage, one S. D. assumed a wholly different name, there being no fraudulent or criminal intent shown on his part.

**Same—Knowledge of Mortgagors.**

It is wholly immaterial that the mortgagors were induced to believe that they were dealing with a person bearing the assumed name, and would not have entered into such a transaction with S. D., the real mortgagee.

**Usurious Mortgage—Assumption by Grantee—Estoppel.**

A vendee who accepts a conveyance of lands subject to a mortgage thereon, and containing a covenant whereby such vendee assumes and agrees to pay the mortgage, is estopped from asserting that the obligation secured thereby is usurious.

Appeal by defendant John Grimmer, from a judgment in favor of the plaintiff entered in the district court for Redwood county upon the findings and order of Webber, J. Reversed.

*S. L. Pierce*, for appellant.

In the absence of fraud a person may do business and execute contracts under any name he chooses to assume. 16 Am. & Eng.

[1] Reported in 74 N. W. 146.

Enc. 118. All that the law looks to is the identity of the individual, and when that is established the act will be binding upon him and others. In re Snook, 2 Hilt. 566; Toole v. Peterson, 9 Ired. 180; Thomas v. Wyatt, 31 Mo. 188; Wakefield v. Brown, 38 Minn. 361.

In this case the mortgagors were not placed in any worse situation in borrowing of Davis than would have been the case had they borrowed from a stranger in Wisconsin. The deception practiced by Davis was not to obtain the security but to conceal his identity as lender. But that the concealment of his identity by taking the mortgage in an assumed name was a fraud by which he obtained the mortgage is not true.

The covenant on the part of the plaintiff to assume and pay the mortgage to Alexander is as binding and operative as the covenants of the mortgagor contained in the same instrument. Finley v. Simpson, 22 N. J. L. 311. And an action can be maintained by the mortgagee against the mortgagor's vendee upon such a covenant. Follansbee v. Johnson, 28 Minn. 311. The vendee under an assumption clause is estopped from disputing the validity of the mortgage which he has assumed to pay. Calkins v. Copley, 29 Minn. 471; Freeman v. Auld, 44 N. Y. 50; Gibson v. Lyon, 115 U. S. 439; Green v. Houston, 22 Kan. 35; Pidgeon v. Trustees, 44 Ill. 501; Comstock v. Smith, 26 Mich. 306; Crawford v. Edwards, 33 Mich. 354; Miller v. Thompson, 34 Mich. 10; Thorp v. Keokuk, 48 N. Y. 253; Garnsey v. Rogers, 47 N. Y. 233; Hoff's App., 24 Pa. St. 200; Kennedy v. Brown, 61 Ala. 296; Klein v. Isaacs, 8 Mo. App. 568; Corbett v. Waterman, 11 Iowa, 86; Bassett v. Hughes, 43 Wis. 319; Durham v. Bischof, 47 Ind. 211; Schmucker v. Sibert, 18 Kan. 104; Pence v. Arbuckle, 22 Minn. 417.

If under any circumstances the court should deem the plaintiff entitled to relief it should be subject to the requirement that she restore to the defendant Grimmer, who has succeeded to the rights of Davis, the proceeds of the loan which was received and appropriated by the mortgagors. Carlton v. Hulett, 49 Minn. 308; Horman v. Hartmetz, 131 Ind. 558.

*J. A. Sawyer*, for respondent.

The mortgage here in question, having been obtained from the

mortgagors by representations made to them for that purpose and believed in by them, as in reality running to a real person whose true name was John B. Alexander, and who is the actual person from whom they were borrowing the money, is void for the want of a grantee as well as for fraud. No man can compel another without his consent to become his debtor, much less his mortgagor. The cases are numerous that a conveyance running to a supposed person as such, and not intended by the grantor as a nom de plume, when such supposed grantee has no existence, is void. Shirley v. Burch, 16 Ore. 83; Thomas v. Wyatt, 31 Mo. 188; U. S. v. Southern, 18 Fed. 273; Bailey v. Gilliland, 2 Kan. App. 558; Douthitt v. Stinson, 63 Mo. 268; Downing v. Bartels (Colo.) 3 Pac. 225; Upton v. Archer, 41 Cal. 85; Arguello v. Bours, 67 Cal. 447; Lillard v. Ruckers, 9 Yerg. 64; Newsom v. Thompson, 2 Ired. 277; Wunderlin v. Cadogan, 50 Cal. 613; Muskingum v. Ward, 13 Ohio, 120.

So a promissory note cannot be treated as payable to bearer unless the maker knows the payee to be fictitious and actually intends to make the note payable to a fictitious person. Shipman v. Bank, 126 N. Y. 318; Phillips v. Mercantile, 140 N. Y. 556. The existence or nonexistence of a mortgage contract must depend upon principles applicable to other contracts, and, to their existence, assent of the parties is indispensable. Alliance v. Eaton, 86 Tex. 401; Clark v. National, 66 Fed. 404; Gibson v. Miller, 29 Mich. 355. Even if this mortgage could be treated as running to Davis as mortgagee it would still be void for want of delivery to him, for the intention was to deliver to Alexander, not to Davis. Jordan v. Davis, 108 Ill. 336; Lee v. Fletcher, 46 Minn. 49.

Both the power of attorney, Alexander to Davis, and the assignment thereunder of this mortgage by Davis to Mrs. Henningsen, are void. Confessedly there was but a single party to the power of attorney. The assignment not only wants an assignor, but on its face is, and purports to be, made under and by force of the void power. It nowhere purports to be an assignment by Davis in his own right, nor of any interest he had in the mortgage. Upon the same considerations the note secured by the mortgage is void and

its transfer a nullity. Shipman v. Bank, supra; Armstrong v. National, 46 Oh. St. 512; Meridian v. First Nat., 7 Ind. App. 323.

The assumption clause in plaintiff's deed does not aid defendant; for all there is of this clause is the agreement by the grantee to pay a mortgage to "John B. Alexander," which mortgage the parties believed had a legal and actual existence, whereas in fact the supposed mortgage which plaintiff agreed to pay never had an existence. She agreed to pay nothing. There was no intention to validate a void mortgage. Magie v. Reynolds, 51 N. J. Eq. 113. There being no intention to assume any mortgage to Davis, neither he nor appellant can claim under this covenant. Maxfield v. Schwartz, 45 Minn. 150; Rogers v. Castle, 51 Minn. 428; Gold v. Ogden, 61 Minn. 88; Meech v. Ensign, 49 Conn. 191. The so-called estoppel here invoked is never extended beyond the literal terms of the covenant. Moore v. Graves, 97 Iowa, 4. The mortgagee can only work out a right under such covenant through the mortgagor-grantor. Keller v. Ashford, 133 U. S. 610; Willard v. Wood, 135 U. S. 309; Union v. Hanford, 143 U. S. 187. Such mortgagor-grantor is not prevented from contesting the mortgage. Knickerbocker v. Nelson, 78 N. Y. 137, 153; Bennett v. Bates, 94 N. Y. 354, 369.

It is settled law in New York and other jurisdictions that whenever the grantor is not personally liable to pay the mortgage debt, the mortgagee cannot enforce the covenant against the grantee. King v. Whitely, 10 Paige, 465; Vrooman v. Turner, 69 N. Y. 280; Pardee v. Treat, 82 N. Y. 385; Dunning v. Leavitt, 85 N. Y. 35; Lorillard v. Clyde, 122 N. Y. 498; Carter v. Holahan, 92 N. Y. 498, 504; Nelson v. Rogers, 47 Minn. 103; Brown v. Stillman, 43 Minn. 126. In this case both note and mortgage being usurious, no personal responsibility or obligation to pay it rested upon the original grantors, hence not on any grantor.

COLLINS, J.

Action to determine adverse claims to real property, the actual purpose being to set aside and cancel a mortgage thereon of date January 12, 1894, purporting to have been executed and delivered to one John B. Alexander, as mortgagee, to have been assigned to one Maggie A. Henningsen by Sylvester Davis, as attorney in fact

for said Alexander, and subsequently assigned by Henningsen to defendant Grimmer, who alone answered in the action.

The primary and principal question in the case grows out of the fact that the money loaned to plaintiff's husband, Martin Scanlan, who then owned the land, belonged to Davis himself, and was furnished by him for the express purpose of making the loan, under an agreement entered into by him with one Gleason, who was found by the court to have been his agent in the matter, that, for all of the necessary purposes of the transaction, Davis should assume the name of John B. Alexander, that the money should be loaned to Scanlan as belonging to a man bearing that name, that the note should be made so payable, and that John B. Alexander should be named as mortgagee in the mortgage. The agreement was carried out; the note and mortgage were so written; Davis delivered the amount of the loan, $2,000, to Gleason in Scanlan's presence; and the former paid out for the latter, and upon his authority, in liquidating existing liens on the land, between $1,800 and $1,900. It appears that Gleason kept the balance of the money for himself. The note and mortgage were delivered to Davis, and by him the mortgage was put upon record.

Subsequently Scanlan and his wife sold, and by warranty deed conveyed, the premises to a son, Joseph Francis. The latter soon afterwards sold, and by warranty deed conveyed, the same to another son, Patrick, and then he sold, and by warranty deed conveyed, the land to this plaintiff. Each of these deeds was in the usual form, but to the covenant against incumbrances in each was added this language,

"Except a mortgage for $2,000 to John B. Alexander, dated January 12, 1894, which mortgage and interest the party of the second part assumes and agrees to pay."

In October, 1894, Davis, pretending to act by virtue of a power of attorney and as the constituent of John B. Alexander, in writing assigned the note and mortgage to Mrs. Henningsen. The fact was that Davis' son signed the name of John B. Alexander to the writing, purporting to be the power, at the instigation of his father and Gleason; the latter, as a notary public, pretending to take and cer-

tifying to Alexander's acknowledgment thereof. Of this Mrs. Henningsen was ignorant. She was a bona fide purchaser, and paid to Davis $2,000 in cash for the note and mortgage. She then sold, and in writing assigned, the same, with a covenant as to the amount due thereon, to the defendant Grimmer, who was also a purchaser in good faith, paying $2,000 in cash. Scanlan paid one year's interest upon the note, to whom does not appear.

On its findings, in accordance with the above statement of facts, the court below held, as conclusions of law, that the note and mortgage were usurious, but that by reason of the assumption clauses in the warranty deeds, whereby title to the premises was vested in this plaintiff, the defense of usury was waived, and that the latter was estopped from interposing such defense. It also held that the mortgage, power of attorney, and assignments were each absolutely null and void, and that plaintiff was entitled to the relief demanded in her complaint as against defendant Grimmer.

As stated at the outset, the main question here is the one covered by the conclusion that the mortgage was and is void because Davis, for the purposes of the transaction and for some undisclosed reason, assumed the name of Alexander as mortgagee. The court seems to have been of the opinion that because the mortgagors were misinformed and misled, and intended to mortgage their land to Alexander, and not to Davis, the instrument was absolutely void for want of necessary parties, and therefore defendant Grimmer, an innocent purchaser, who parted with his money in good faith, is to be deprived of his security, and probably made to lose his investment. Any rule or doctrine which would result in such a gross injustice would have to be exceedingly well settled before we could indorse and adopt it.

Fortunately we are not confronted with such a case. The court below failed to apply the true and well-settled rule to the facts. It overlooked the distinction between the assumed name of a person actually identified and a wholly fictitious name without an identified person behind it. The evidence, as well as the findings of fact, conclusively shows that Davis assumed the name of Alexander, and identified him as the real mortgagee under the assumed name. In assuming this name in a business transaction, Davis was

not engaged in a fraudulent or criminal purpose, and he could bind himself as well as other persons by its adoption and use. In Wakefield v. Brown, 38 Minn. 361, 37 N. W. 788, it was held that, although a grantor of land executed a conveyance thereof under an assumed name, such conveyance would be effectual to convey title, if the grantor was in fact the true owner; and that in such a case evidence outside the instrument could be introduced to identify the actual grantor. While not so stated, it is obvious that this conclusion was founded upon the established rule of law that in business matters a contract or obligation may be entered into by a person by any name he may choose to assume. All that the law looks to is the identity of the individual, and when that is ascertained and clearly established the act will be binding upon him and upon others. Bell v. Sun, 42 N. Y. Super. Ct. 567; In re Snook, 2 Hilt. 566. See, also, Toole v. Peterson, 31 N. C. 180; Thomas v. Wyatt, 31 Mo. 188.

There is nothing in the contention of counsel, evidently quite potent with the court below, that the mortgagors were induced to believe that they were dealing with a person named Alexander, and that, according to their own testimony, they were opposed to entering into such a transaction with Davis, of whom they had heard "bad reports." See Fellowes v. Lord Gwydyr, 1 Sim. 63, 1 Russ. & M. 83. Their contract with the mortgagee was with him and his assigns, as is usual in such transactions. They expressly authorized an assignment of this instrument. Had the mortgagee actually borne the name of Alexander, he could have at once assigned to Davis without consulting the mortgagors. The point is too far-fetched and fanciful to be of value. The trial court erred when finding that the mortgage lacked a mortgagee, and when holding it to be void.

There was no error in the conclusion of the trial court that the defense of usury was unavailing to plaintiff. In each of the deeds whereby title to the mortgaged property was transferred from plaintiff's husband to herself was the assumption clause heretofore quoted. The land was conveyed to plaintiff, as it had been to her immediate and remote grantors, subject to the mortgage for $2,000, which mortgage, with interest, she as grantee assumed and agreed

to pay. This is a covenant on which an action is ordinarily maintainable against a vendee. Follansbee v. Johnson, 28 Minn. 311, 9 N. W. 882.

Of course, we do not decide that the defense of usury could not be successfully interposed in such an action, for the question is not in this case. A vendee who accepts a conveyance of land subject to a mortgage thereon, and containing a covenant whereby such vendee assumes and agrees to pay said mortgage, is estopped from asserting that the obligation secured thereby is usurious. The whole title of such vendee rests upon the conveyance, and the continued existence of the mortgage, as an incumbrance, forms a part of it. The conveyance is evidence of title, and when proven, as such evidence, the existing mortgage and the assumption thereof is also proven. A grantee cannot be permitted to claim title "both under and against the same deed; to insist upon its efficacy to confer a benefit, and repudiate a burden with which it has qualified it; to affirm a part and reject a part." The proposition above laid down in respect to the estoppel is more than supported by the authorities. Calkins v. Copley, 29 Minn. 471, 13 N. W. 904; Parkinson v. Sherman, 74 N. Y. 88; Pidgeon v. Trustees, 44 Ill. 501; Gibson v. Lyon, 115 U. S. 439, 6 Sup. Ct. 129. See, also, 27 Am. & Eng. Enc. 953, notes 1 and 2.

Judgment reversed, and new trial ordered.