JOHN N. TAYLOR, Appellant, v. ABE BOWEN, Respondent.

Kansas City Court of Appeals, June 4, 1900.

1. **Deeds: FACE: SIGNATURE.** Where one signs a deed upon the face of which he does not appear to be a party, he is not bound thereby; but if the party designated in the face of the instrument be the party who executed he is bound.

Taylor v. Bowen.

2. ———: NAMES: IDENTIFICATION: DESCRIPTION. Party to the deed should be designated by his name of baptism and his surname but especially the former, the office of the name being to identify; but name, residence and occupation are mere means of identification.and at most afford only presumption thereof.

3. ———: ———: ERRORS: PASSING TITLE: EVIDENCE. Where error occurs in the name of a party and the instrument by its contents serves to identify the party with certainty, such error will not effect the validity, and one may convey his title by any name which he may use as a signature. And his identity may be shown by parol evidence.

4. ———: INITIALS: MRS. Neither Mrs. nor J. M. are Christian names. The first indicates a married woman, the latter are mere initials and no name.

5. Chattel Mortgages: FICTITIOUS SIGNATURE: IDENTITY: HUSBAND AND WIFE. The wife in making a chattel mortgage described herself in the body thereof J. M. Coons, she signed thereto Mrs. J. M. Coons, her name was Sallie Coons. Held: The signature was not fictitious. The mortgage was valid and its record imparted notice and disclosed her identity.

Appeal from the Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*Ellison & Campbell* for appellant.

(1) Where personal property is sold to a person who takes it under a fictitious name and gives a chattel mortgage thereon for a part of the purchase price under such fictitious name, without knowledge that the name was fictitious, and properly records the mortgage such person takes title thereunder and can recover the property from another person to whom the mortgager afterwards sells it under his true name. Alexander Bros. v. Graves, 25 Neb. 453; Fallon v. Kehoe, 38 Cal. 44; Fallon v. Kehoe, 99 Am. Dec. 347. (2) In business transactions a person may adopt any

name and thus bind himself as well as other persons by its adoption. All the law looks to is the identity of the individual and when that is acertained and clearly established the act will be binding upon him and upon others. Scanlon v. Alexander, 74 N. W. Rep. (Minn., Jan. 26, 1898), 147; Thomas v. Wyatt, 31 Mo. 188. (3) In this case "Mrs. J. M. Coons" is not a fictitious name. It was certainly her business name. She was doing business for herself. Oakley v. Pegler, 30 Neb. 628. So we contend the name, Mrs. J. M. Coons, was neither fictitious nor assumed. It was her real name and it identified her as the wife of J. M. Coons, of Bucklin, Linn county. (4) The law imposed upon Bowen all the knowledge and facts the record showed at Linn county. He is conclusively presumed to know "Mrs. J. M." Coons mortgaged one Emerson piano, No. 65931, style 8, to J. N. Taylor.

*P. F. Greenwood* for respondent.

(1) That this so-called chattel mortgage was a nullity because the owner, Mrs. Sallie Coons, was not named as the grantor. Stone v. Sledge, 87 Tex. Rep. 49; Reported in 47 Am. St. Rep. 65 and notes. (2) It was not J. M. Coons' act or deed because he did not sign it. Consequently it was no notice. Properly executed chattel mortgages (excepting between the parties) have no legal effect until filed for record. Then they only impart notice of the contents. And as to unrecorded mortgages of chattels or improperly recorded ones, there is no question of notice. Bryson & Hardin v. Penix, 18 Mo. 13; Bevans v. Bolton, 31 Mo. 437; Wilson v. Milligan, 75 Mo. 41; Rawlings v. Bean, 80 Mo. 614, 619; Coover v. Johnson, 86 Mo. 539; Jones on Chattel Mort. (2 Ed.), sec. 314. (3) The conveyance must be in the same chain of title to constitute notice. Jones on Chattel Mort. (2 Ed.), secs. 67, 77, 191, 315. (4) This chattel

mortgage does not show where the piano was, nor that J. M. Coons owned it or had any title to it. The fact that one executes a chattel mortgage raises no presumption of ownership or title. Everett v. Brown, 20 N. W. Rep. 743; Warner v. Wilson, 36 N. W. Rep. 719. Respondent submits the finding was for the right party and the judgment should be affirmed.

SMITH, P. J.—Plaintiff sold Sallie Coons one Emerson piano, No. 65931, style 8, for $290. The latter, under the name of Mrs. J. M. Coons, executed to the former a promissory note for the said amount of purchase money and to secure the payment of which she also executed a mortgage covering the piano. Upon the face of the mortgage she is described as J. M. Coons. The instrument was duly recorded in Linn county, where Mrs. J. M. Coons resided, and where the property then was. J. M. Coons was the husband of Sallie Coons. The latter conducted a hotel and carried on business under the name of "Mrs. J. M. Coons." She testified at the trial that she signed the note and mortgage by the name of Mrs. J. M. Coons and that Sallie Coons and Mrs. J. M. Coons were one and the same person and that the J. M. Coons named in the mortgage was intended to represent Mrs. Sallie Coons.

Some time after the mortgage was placed on record J. M. Coons and Sallie Coons removed from Linn county to Adair county, taking the piano in question with them. After their removal to the latter county, under the name of John Coons and Sallie Coons they executed a mortgage on the piano to the defendant, who, later on, took possession thereof under his mortgage.

Default having been made in the payment of the note for the purchase price the plaintiff brought this action to recover possession of the piano. The cause was tried before

the court without the intervention of a jury. The plaintiff requested the court to declare the law to be as follows: "If the court believe from the evidence that C. E. House, agent for plaintiff, sold and delivered to Mrs. Sallie Coons the piano in suit and that at the time of such sale, plaintiff's said agent, House, knew said Sallie Coons by the name of Mrs. J. M. Coons, and by no other name, and that said Sallie Coons was engaged in business under the name of Mrs. J. M. Coons, and that to secure the unpaid purchase price of said piano said Sallie Coons then and there by the name of Mrs. J. M. Coons executed the chattel mortgage dated October 23, 1897, and read in evidence, and that a true copy of said mortgage was duly filed in the office of the recorder of deeds for Linn county, Mo., on October 26, 1897, and that on October 23 to 26, 1897, said Sallie Coons was a resident of said Linn county, Mo., then the finding and judgment must be for the plaintiff regardless of any other fact or issue in this case." The court refused this declaration and gave judgment for defendant, and plaintiff appealed.

Where one signs a deed upon the face of which he does not appear to be a party, he is not bound by it—it being inoperative as to him. Stone v. Sledge, 87 Tex. 49, and cases there cited. Upon the face of the mortgage here, J. M. Coons appears as mortgagor. If therefore the person who signed and acknowledged the mortgage by the name of Mrs. J. M. Coons is the same person whose name appears upon the face of the mortgage as mortgagee then the instrument is binding and effectual. This is not a case where a mortgage was executed under an assumed or false name, or where the mortgagor acted in bad faith, as in Alexander v. Graves, 25 Neb. 453 and Mackey v. Cole, 79 Wis. 426. The parties to the mortgage in issue all acted in good faith.

Regularly, it is requisite that the purchaser be named by the name of baptism and his surname and that special

heed be taken to the name of baptism; for that a man can not have two names of baptism as he may have divers surnames. Coke's Litt., 3a. A formal statement of the names, residences and other description of the parties is not essential to the. validity of a deed. The office of a name is to identify a person, but identification may be made by any other description which points him out and distinguishes him from others. A description of a party to a deed by name, residence and occupation only furnishes the means of identification. That is all that any description can do. It does not of itself identify the party. It affords a presumption, which is ordinarily all that is required. Though the name written in a deed is not the same as the name signed to it, the variance in orthography or in sound may be so slight as not to destroy the presumption that they are intended for the same person.

Where an error occurs in the name of a party to a written instrument and from its contents susceptible of connection so as to indentify the party with certainty, such error does not affect the validity of the instrument. Jones on Mort., sec. 63. Where a deed was signed and acknowledged by "Samuel S. Jenkins," the fact that in one part of it the grantor's name was written "Samuel S. Jones" was held to be a manifest error which did not affect the deed. Jenkins v. Jenkins, 148 Pa. St. 216. It has been held that the owner of land may convey it by any name which he may use as a signature and the title will pass to his grantee. Addis v. Powers, 7 Bing. 455; Fallon v. Kehoe, 38 Cal. 44.

Thomas v. Wyatt, 31 Mo. 188, was where one James Coleman used the name of Samuel Johnson to designate himself when he thought proper and made an entry of land in the name of Samuel Johnson for himself, merely using the name as the one by which he was usually known, and indorsed the certificate of entry in the name of Samuel Johnson with the same view; it was held that the transaction was

Taylor v. Bowen.

to be regarded as though James Coleman had used instead of the name "Samuel Johnson" the name "James Coleman;" and that the patent to Samuel Johnson was to be regarded as to James Coleman and not to a fictitious person. And in the same case it is said by Judge Scott, who delivered the opinion: "It matters not whether it was generally known that he went by two names or not. The law is the same though he was known by one name only as though he was known by both. If a man signs a bond by a name by which he was never called or known or which he had never used before he would be bound by it." And it has been ruled that though a grantor's name be incorrectly given throughout a deed, and it be executed by signing his correct name, the deed was good. Jones v. Whitebread, 11 C. B. 406. In Nicodemus v. Roung, 90 Iowa, 420, it appeared, in a chain of title that a conveyance was made to E. J. Courtright, who subsequently conveyed by deed in the body of which his name was given as Erastus J. Courtright, but it was signed Erastus I. Courtright. It was held to be competent to identify the grantor by his testimony and that of the grantee that the Courtright who executed the deed was the same person to whom the deed was made under the name of "E. J. Courtright."

Neither Mrs. nor J. M. are proper christian names. The former only distinguishes the person named as a married woman while the J. M. are but initials and no name. Elberson v. Richards, 42 N. J. L. 69. If a deed does not sufficiently show the identity of the party, this may be proved by testimony that he executed the deed. Jones on Real Prop. & Conv., sec. 219. In Wakefield v. Brown, 38 Minn. 361 it was held that although a grantor of land executed a conveyance thereof under an assumed name, such conveyance would be effectual to convey title if the grantor was in fact the true owner, and in such case evidence *aliunde* the deed could be introduced to identify the actual grantor.

This conclusion was obviously founded upon the established rule of law that business, matters of contract or obligation may be entered into by a person by any name he may choose to assume.   All the law looks to is the identity of the individual and when that is ascertained and clearly established the act will be binding upon him and others.   Thomas v. Wyatt, *ante;* Toole v. Peterson, 31 N. C. 184; Bell v. Pub. Co., 42 N. Y. S. C., 567; Scanlon v. Alexander, (Minn.), 74 N. W. Rep. 147.

The evidence tended to establish the fact that Mrs. Sallie Coons had, in executing to plaintiff the note and mortgage, assumed and signed the name of her husband with the prefix of Mrs.   This prefix was for convenience used to distinguish her name from that of her husband.   It was as much her name as if she had signed that of Sallie Coons.   It was just as binding.   There was no fictitious name signed to the mortgage.   It is common information that many married women in the transaction of business of their own, use the name of their husband with the prefix of Mrs.   The mortgage was valid.   The record imparted to defendant notice of its contents.   He must be conclusively presumed to have known when he took a mortgage on the piano that it was then subject to the plaintiff's prior mortgage.   As the evidence tended to show that the J. M. Coons whose name appeared on the face of the mortgage was the same person who had signed such mortgage under the name of Mrs. J. M. Coons, we are unable to discover any reason why the instrument was not only valid as between the parties thereto, but as to the defendant as well.

As to whether in a case where one under a fictitious name executes a mortgage on personal property which was properly filed for record in the proper county, is valid as against a subsequent mortgagee claiming under a mortgage executed by such mortgagor under his correct name, the Nebraska and

Wisconsin cases already cited are not in accord. The case here is, as has already been stated, not one where the mortgage was executed under a fictitious name, but where it was signed by the name in which the signer carried on business, and was customarily known in the community where the mortgage was executed. It was signed by her in such a way as to disclose her identity. It disclosed the name of her husband and that she was his wife, and we must think that the record of it charged defendant with notice of its contents. Miller v. Whitson, 40 Mo. 98. Although the name J. M. Coons appears upon the face of the mortgage without the prefix "Mrs." yet we think that it may be presumed that the person so designated is the same person who signed the instrument under the name of Mrs. J. M. Coons. It is our conclusion that the plaintiff was entitled to a consideration of the case by the court on the theory of his refused instruction.

It results that the judgment must be reversed and the cause remanded. *Ellison, J.*, concurs; *Gill, J.*, absent.