## AS TO THE LIEN OF A MORTGAGE NOT SET UP IN PROCEEDINGS FOR A JUDICIAL SALE.

### Circuit Court of Cuyahoga County.

THE OHIO SAVINGS & LOAN COMPANY v. ADA WEBER.[*]

Decided, February 18, 1907.

*Mortgage Lien—Grantee of Purchaser at Judicial Sale Bound by Agreement to Assume Mortgage.*

Where real estate is sold by an administrator under an order of the probate court in a proceeding to sell lands to pay the debts of a decedent, and it is stated both in the administrator's report of the sale made to the court and in his deed to the purchaser, that the purchaser takes the land subject to a mortgage which she assumes and agrees to pay, the grantee of such purchaser will take the property subject to such mortgage, even though the mortgagee did not set up its mortgage upon these particular premises in the action to sell them and there was no finding of the probate court of the amount due him.

*A. W. Barber,* for plaintiff.
*Solders & Solders,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The facts in this case are that on the 3d day of May, 1892, Thomas Franklin was the owner of certain real estate described in the petition in this action; that the defendant, Ada Weber, was then the wife of said Thomas Franklin; that at the date last named this husband and wife executed and delivered to the

---

[*]Judgment modified—see journal entry, *Leist, Trustee,* v. *Ohio, Savings & Loan Co.,* 79 Ohio State, 472.

plaintiff in this action a certain written obligation, whereby they undertook and agreed to pay to said plaintiff the sum of $880 of principal and $440 premium. These payments were to be made in one hundred and twenty monthly installments of $11 each. To secure the payment of this obligation the said Thomas and Ada Franklin executed and delivered to the plaintiff their mortgage deed upon the premises described in the petition; the money undertaken to be paid by this obligation, and the payment of which was secured by this mortgage, has not all been paid.

Subsequent to the execution of this obligation and mortgage the said Thomas Franklin died, leaving Ada, his widow, who has since inter-married with one Charles Weber, who is made a defendant in this action. After the death of the said Thomas Franklin one F. A. Sarstedt was appointed administrator of his estate and as such he filed in the probate court of this county a petition for the sale of the land described in the petition herein, for the purpose of paying debts of the deceased. To that petition the plaintiff herein was made a party and this allegation in relation to it is made in the petition:

"The defendant, the Ohio Savings, Loan & Building Company have or claim to have some lien on or in said premises; plaintiff therefore prays that said defendant may be notified of the pendency hereof according to law, and the defendant lienholder be required to answer and set up its claim and liens, if any, on said premises."

In the schedule of debts attached to said petition to sell the real estate are these words: "Mortgage of $850 due Ohio Savings & Loan Association at the time Thomas Franklin died."

No answer was filed by the savings and loan company to this petition, but an entry of appearance was made in these words:

"We, the undersigned parties defendant to the petition in this case waive the issuing on service of summons and voluntarily enter our appearance as such defendants, and we do hereby consent to the sale of real estate described in said petition as therein prayed for.     *     *     *

"OHIO SAVINGS, LOAN & BUILDING CO.,

"HENRY GRUMBACHER,

"*Sec. and Treas.*"

This petition was filed on the 5th day of May, 1896, and on the same day the court found the allegations of the petition to be true and ordered the premises to be sold.

Thereafter a sale was made by the administrator at private sale, to the defendant, Ada Franklin (now Weber), and on the 1st day of September, 1897, a return of such sale was made to the court in these words:

"In obedience to the command of the within order of sale, I did on the 13th day of May, 1896, offer said property at private sale, and Ada Franklin having offered therefor the sum of $1,200, $600 being cash and assumes mortgage of $600 and the same being not less than the appraised value of said property, I sold the same to said Ada Franklin for that sum.

"FRANK SARSTEDT."

This sale was confirmed by the probate court and the administrator was ordered in these words:

"And directs the administrator to execute and deliver to the purchaser a good and sufficient deed of said property.".

Thereupon the administrator executed and delivered to Ada Franklin (now Weber) a deed to the premises which recites the proceedings in the probate court and proceeds in these words:

"Whereas the said Frank A. Sarstedt, as aforesaid sold said premises to Ada Franklin, for the sum of $1,200, $600 paid in cash, and mortgage for $600 assumed, and the said Ada Franklin having complied with the terms of said sale, * * * now, therefore, I, the said Frank A. Sarstedt, as aforesaid, in consideration of the premises, and by virtue of the powers in me vested by law and the orders of said court, do hereby give, grant, bargain, sell and convey unto said Ada Franklin, all the right, title and interest of said deceased and of the several defendants named in said petition in and to the real estate aforesaid."

Subsequent to the giving of this deed the defendant, Ada Weber, mortgaged this property to the defendant, Otto I. Leisy, and thereafter suit was brought in the court of common pleas to foreclose this mortgage, in which proceeding the premises were sold, and purchased by said Otto I. Leisy. The plaintiff in this

action was not made a party in said proceeding to foreclose the Leisy mortgage.

The plaintiff in the present action prays for a foreclosure of the mortgage given to it by Thomas and Ada Franklin. The defendant, Leisy, sets up the proceedings had upon the foreclosure of the mortgage given to him and prays that his title may be quieted as against the plaintiff. The claim of Leisy is that the plaintiff having failed to answer in the probate court in the proceedings to sell the real estate, and no finding having been made in such proceedings that it had a lien on this property by virtue of its mortgage, and the deed made in pursuance of the order of the court in that case, expressly conveying, not only all the interest of the deceased, Thomas Franklin, but also of the interest of the lienholders in the premises the mortgage here sought to be foreclosed is in law canceled and is now of no effect.

It will be noticed that in the petition to sell real estate filed by the administrator, it does not distinctly appear that the plaintiff here had a mortgage upon the premises sought to be sold, although it does appear that there was a mortgage debt owing by the decedent to the plaintiff in the action, but for all that appears in the petition that debt may have been secured upon some other real estate of the decedent and not upon the real estate sought in that action to be sold. If this petition to sell be considered to mean that the mortgage debt scheduled was a mortgage upon the property sought to be sold, then there was a finding to this extent that the court found the allegations of the petition to be true; but surely this was not a finding of any certain amount due to this plaintiff upon that mortgage. It can not be denied that the proceedings in the probate court were very carelessly conducted. The plaintiff should have answered in that action if it claimed a lien on these premises, and should not have contented itself with the statements in the schedule attached to the petition that the decedent owed a mortgage debt to it.

The probate court should have made a finding as to whether the plaintiff in this action had any interest in the property sought to be sold in the proceeding to sell real estate, but for some reason the proceeding went through without any such finding by the court.

As a matter of fact the report made to the probate court of the sale, which states that the sale is made to Ada Franklin for the sum of $1,200, $600 cash, and assumes a mortgage for $600, meant, and was understood to mean, that the purchaser assumed the mortgage debt then owing to this plaintiff in the sum of $600, and that the sale so reported and meaning such assumption of this mortgage, was approved by the probate court. It ought not to have been, but it was; and the deed made to the purchaser showing that as a part of the purchase price a mortgage for $600 was assumed by the purchaser, meant that she assumed the payment of the mortgage sought in this action to be foreclosed, to the amount of $600.

Ada Franklin understood that she was assuming this mortgage debt; that is, that she not only assumed to pay the debt, but that she received the property with the mortgage still upon it to this amount.

This being so, she is estopped from denying the validity of this mortgage.

In argument of the case here attention is called to the distinction between the assumption on the part of a purchaser of real estate of a debt secured by mortgage, and the taking title subject to a mortgage, and there is clearly a distinction. In the one case the purchaser becomes bound to pay the entire amount of the debt thus secured; in the other, it is only the equity of redemption which is conveyed, and the creditor may subject the mortgaged property to the payment of his debt, but can have no further claim against the purchaser, but the assumption of the mortgage debt by the purchaser in no wise lessens the right of the creditor to subject the mortgaged premises to the payment of the debt. See *Lawrence* v. *Fox*, 20th N. Y., 268.

In the case of *Riley* v. *Rice*, 40 Ohio State, 441, it is held, that where a husband and wife to secure their joint note executed and delivered a defective mortgage on land, which was the general property of the wife, and afterwards sold and conveyed the same land, subject to the mortgage, supposing it to be perfect, the holder of the debt secured by the defective mortgage had a lien superior to that of the holder of a claim secured by a mortgage executed by the purchaser of the premises, whose deed excepted the mortgage which was in fact defective.

The court says in reference to a deed given by the husband and wife, and after the execution of the defective mortgage, "the recitals are particular and style it a mortgage, and recognize it as an incumbrance and lawful claim on the premises for the full amount."

And further on the court says, speaking of the grantee in the deed containing the exceptions:

"He surely understood the land was bound for it, and it presumably entered into the consideration of his purchase, * * * he took title subject to plaintiff's claim and is estopped to deny the due execution of the mortgage."

In the case of *Scanlan* v. *Grimmer*, 70 American State Reports, 326, on page 329, the court in its opinion uses this language:

"A vendee who accepts a conveyance of land subject to a mortgage thereon and containing a convenant whereby such vendee assumes and agrees to pay said mortgage, is estopped from asserting that the obligation secured thereby is usurious. The whole title of such vendee rests upon the conveyance, and the continued existence of the mortgage as an encumbrance forms a part of it. The conveyance is evidence of title, and when proven, as such evidence, the existing mortgage and the assumption thereof is also proven. A grantee can not be permitted to claim title both under and against the same deed; to insist upon its efficacy to confer a benefit and repudiate a burden with which it has qualified it; to affirm a part and reject a part."

In *Gibson* v. *Lyon et al*, 115 U. S., 439, it is held:

"The sanction of the court to a conveyance under proceedings and judgment for foreclosure of a mortgage in the Orphans' Court of Philadelphia being a judicial act, such a deed describing the estate as conveyed subject to an outstanding mortgage, estops the grantee from denying the validity of the mortgage."

In this last named case one Sarah A. Jermon had title vested in her by conveyance by one Rice, and Rice's title was acquired by a conveyance approved and confirmed by the Orphans' Court of Philadelphia. Each of these conveyances contain a recital that it is made under and subject to the payment of a mortgage. The court, at pages 446-447 says:

"It is true that the statute of Pennsylvania, by which the sale ordered by the Orphans' Court was authorized, act of April 18, 1853, provides that 'by every such public sale the premises sold shall be discharged from all liens;' and it is also true that the sale prayed for in this instance was of the premises, 'clear, and discharged of all liens in the hands of the purchaser,' and that the sale to Rice, approved and confirmed by the court, was for the sum of $10,500, the full price and consideration of the purchase; yet it is equally true, as appears from the recitals in the deed to Rice, which was duly acknowledged before the Orphans' Court, that of the consideration, as finally agreed upon between the parties, there was actually paid in cash only $5,500, the remainder being represented by the existing mortgage to the Reliance Mutual Insurance Company, under and subject to which the conveyance was made, approved and accepted."

In the present case it does not appear that conveyance by mortgage to Leisy was made subject to the mortgage to the plaintiff here, but when Leisy took his mortgage he was put upon inquiry as to what title the mortgagor had in the premises, and had he made examination of such title, he would have found that the deed to Ada was subject to a mortgage to this plaintiff; that she assumed to pay the mortgage debt, as has already been said. The land was no less bound for the payment of that debt because Ada took a deed in which she assumed to pay it. Her liability was greater than it would have been had she taken a deed subject to the mortgage, but the right to subject the land to the payment of the debt was the same in each case, that is, whether she assumed to pay the debt, or simply took the land subject to the mortgage debt. So then Leisy, deriving whatever title he has from Ada, and having notice by the deed to her and the proceedings in the probate court that she held the land subject to this mortgage to the present plaintiff, his title was subject to that mortgage, and the plaintiff is entitled here to a decree of foreclosure, its lien being superior to any rights which Leisy has in the premises.